**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REMOI CAMPBELL,

        Petitioner,

v.                                      Case No. 3:26-cv-213-WWB-MCR

M. BRYSON,

        Respondent.
_____

## <u>ORDER</u>

On January 7, 2026, Petitioner, an inmate of the Florida penal system, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) in the Northern District of Florida. He then filed an Amended Petition (Doc. 4). Considering Petitioner's place of incarceration and county of conviction were both within the Middle District of Florida, the Honorable M. Casey Rodgers transferred this case to this Court. (*See* Doc. Nos. 3, 7).

Although this filing is not a picture of clarity, it appears Petitioner is attempting to challenge his conditions of confinement at Florida State Prison and raise a claim of false arrest. (*See* Doc. 4 at 2, 5–8). It is unclear what type of proceeding Petitioner intended to file. Because Petitioner is in custody pursuant to a state court judgment of conviction, to the extent Petitioner is attempting to open a federal habeas case, his request for habeas relief should be pursued under 28 U.S.C § 2254. *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (holding the federal courts' "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted

to 'a person in custody pursuant to the judgment of a State court'"); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060–61 (11th Cir. 2003) (holding that state prisoner cannot overcome the procedural requirements of § 2254 by labeling his petition as one under § 2241).  In any event, to the extent Petitioner seeks to challenge his conviction, he has already filed a petition for writ of habeas corpus under § 2254 challenging his conviction, which remains pending.  *See Campbell v. Sec'y, Dep't of Corr.* Case No. 3:26-cv-211-WWB-MCR (M.D. Fla).  If he seeks to challenge his conviction, he can do so in that action, and this matter is subject to dismissal as duplicative.

However, if Petitioner seeks relief under 42 U.S.C. § 1983, he has not properly initiated a civil action in this Court.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  The Court has approved the use of forms for civil rights cases, and Petitioner will be provided with a copy of that form.  Should Petitioner wish to file a civil rights complaint, the standard form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests.  Here, Petitioner has not filed a proper complaint, nor has he provided the Court with all of the information required by the civil rights complaint form.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The Clerk shall send Petitioner a civil rights complaint form and an application to proceed *in forma pauperis* (prisoner filings) form.  If Petitioner

chooses to refile his claims, he may complete and submit the appropriate forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number if he elects to refile his claims. In initiating such a case, Petitioner should either file a fully completed application to proceed *in forma pauperis* (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** in Jacksonville, Florida, on April 14, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12

Remoi Campbell, #Y62445

3